BLD-016                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3008
_____

RONALD GOODE,
                                        Appellant

v.

LOUIS GIORIA, Commissioner of Philadelphia Prison System;
WARDEN CURRAN FROMHOLD CORRECTIONAL FACILITY;
FRANK ABELLO, Deputy Warden in Charge of Security at CFCF
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-06568)
District Judge:  Honorable Edmund V. Ludwig
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: October 24, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronald Goode, proceeding pro se, appeals the District Court's order granting the defendants' motion to dismiss. For the reasons set forth below, we will summarily affirm.

I.

Ronald Goode, a pretrial detainee, filed a complaint pursuant to 42 U.S.C. § 1983 against officials at Curran-Fromhold Correctional Facility in Philadelphia, claiming Eighth and Fourteenth Amendment violations stemming from various procedures at the institution. Goode first alleges that the prison commissary fails to provide any dental floss, and provides only cheap toothbrushes and inadequate toothpaste, which "can lead to" various dental health problems. Goode next alleges that the mailboxes in which inmates are meant to place outgoing mail are either broken or too small to accommodate the volume, requiring inmates to leave their mail on officers' desks where it "could easily get" lost or stolen. Finally, Goode alleges that prison employees and inmates who handle cleaning chemicals are not properly trained and store the chemicals within cells, turning them into potential "death chamber[s]."

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The District Court issued a Memorandum Opinion and Order granting the motion to dismiss because Goode failed to allege that he had sustained any actual injury, and because the conditions complained of do not rise to the level of a constitutional deprivation. This appeal followed.

2

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's jurisdictional determination. See Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011). On appeal following a jurisdictional determination, "we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (internal quotations and citation omitted).

## III.

The District Court properly dismissed this action as Goode has not alleged any actual injury and therefore does not have standing to bring a claim.

Article III limits the jurisdiction of federal courts to actual "cases or controversies." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). To establish standing, a plaintiff must allege facts sufficient to establish an injury-in-fact, which is "an invasion of a legally protected interest [that] is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted); see also Lewis v. Casey, 518 U.S. 343, 349 (1996) (explaining that the requirement that an inmate must show actual injury in an access to the courts claim "derives ultimately from the doctrine of standing"). While a plaintiff need not "await the consummation of threatened injury to obtain preventive relief," he must "demonstrate a realistic danger of sustaining a direct

3

injury as a result of" the challenged conduct or that the injury is "certainly impending." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (internal quotations and citations omitted). Allegations of "possible future injury" are not sufficient to satisfy the Article III standing requirement. Reilly, 664 F.3d at 42.

Goode's complaint raises concerns about the potential injuries that might arise from various procedures at the institution, but fails to allege that any actual injuries have occurred or are imminent. Goode alleges that the dental care products provided by the prison are so insufficient that being restricted to their use "can lead to decay, [p]laque build up, [g]um disease, [and] infection that leaks into the [s]inus [s]ystem causing death," but does not allege that he has actually suffered any of the listed dental injuries. He alleges that inmates' mail "could easily get tak[en] or mis[]placed," but does not allege that his mail has ever actually been stolen or misplaced. He alleges that chemicals stored in the prison cells create potential "death chamber[s]," but does not allege that he has ever been harmed by these chemicals. Nor do these conjectures establish that Goode is in "realistic danger of sustaining a direct injury" or that injury is "certainly impending."[1] Babbitt, 442 U.S. at 298.

---

[1] We note, moreover, that Goode can no longer sustain an "imminent injury" claim as he was transferred from Curran-Fromhold Correctional Facility to the State Correctional Institute in Graterford on October 7, 2014 and is, therefore, no longer exposed to the conditions of which he complains. See Notice of Change of Address, District Court Doc. No. 17.

4

Goode's speculations about entirely hypothetical injuries do not meet the injury-in-fact requirement for standing.  Lujan, 504 U.S. at 560-61.  Rather than seeking redress for an actual harm, Goode is asking the court to address institutional procedures in an effort to prevent some potential future harm.  See Lewis, 518 U.S. at 349 (cautioning that the role of courts is to provide relief to claimants "who have suffered, or will imminently suffer, actual harm," not "to shape the institutions of government in such fashion as to comply with the laws and the Constitution").  Such a remedy falls well outside the District Court's jurisdiction.  Id.[2]

## IV.

For the reasons stated above, we will summarily affirm the judgment of the District Court.  Goode's motion for appointment of counsel is denied.

---

[2] District Courts are required to grant leave to amend complaints vulnerable to Rule 12(b)(6) dismissals, unless such amendment would be futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  For the reasons set forth above, we conclude that any amendment would have been futile.